## Commonwealth v. Marks

*Arthur L. Goldberg* and *Eugene R. Hartman,* for petitioner.

*Daniel E. Teeter,* for Commonwealth.

SHEELY, P. J., April 15, 1961.—This is an application for remission of the forfeiture of the recognizance in the above case. Answers to the petition were filed by the district attorney and by the county commissioners.

Defendant was arrested in Harrisburg upon a warrant issued by George L. Maitland, Justice of the Peace of Littlestown. He there entered bail with Sylvan Santani as surety in the sum of $2,000 for his appearance in this court when wanted, or at the call of the district attorney. The bondsman, being apprehensive that defendant would not appear, arranged through his attorney for a hearing before the justice of the peace on May 27, 1960. The hearing was continued until June 7th, and then until June 17, 1960, but defendant did not appear on any of these dates.

The case was returned to court, and the district attorney notified defendant's counsel and the bondsman to have defendant in court on August 27, 1960. Upon failure of defendant to appear, the recognizance was forfeited.

The bondsman made a diligent effort to apprehend defendant before he was called for court and thereafter. He ascertained where defendant might be expected to go and arranged with persons there who knew defendant to notify him if defendant appeared. Among places contacted were Morgan Junction near Pittsburgh; Youngstown, Ohio; Stockton, Va.; Woodstock, Va.; Steubenville, Ohio, and several places in Florida and California. The places which he frequented in the Harrisburg area were kept under surveillance. The bondsman expended several hundred dollars in his effort to apprehend defendant.

Defendant was later apprehended on a minor charge in Stockton, Va., and the bondsman's contact there immediately notified the bondsman, who secured a bailpiece and returned defendant to the jurisdiction of this court.

We have today filed an opinion in the case of Commonwealth v. Ketchum, 25 D. & C. 2d 203 in which we outlined the rules relative to the remission or moderation of the forfeiture of recognizances. Unlike the bondsman in the Ketchum case who made no effort to apprehend defendant, the bondsman in this case did make a strenuous effort to apprehend defendant and to return him to this court and spent several hundred dollars in that effort. It was through his action in alerting the police in Woodstock, Va., to be on the lookout for defendant, and his action in going to Woodstock for defendant, that defendant was ultimately returned to this court and sentenced.

In Commonwealth v. Schouten, 3 D. & C. 2d 504, 508 (1955), we said: "One of the reasons for granting

authority to the court to remit or moderate forfeitures is to provide an incentive to the bondsman to make an effort to produce [the] defendant," and in Commonwealth v. Ketchum we said: ". . . Had the bondsman later returned the defendant to court by his own efforts or even made a strenuous effort to return him he might be entitled to a moderation of the forfeiture."

The bondsman in this case did all that could have been expected of him to produce defendant, but we do not think the forfeiture should be completely remitted. The State Police and the county authorities were also making an effort to locate defendant and some expense and inconvenience was involved, and, as we quoted from In re Theveny's Bail, 84 D. & C. 90, 94 (1952): "If there would be no penalty for failure to appear there might be no necessity to require a bail bond." It was because of the bail bond executed by the bondsman that defendant was released from custody after his arrest and was able to elude the authorities for a long period of time.

We think that the ends of justice will be met in this case if the forfeiture is moderated from the sum of $2,000 to the sum of $500.

And now, April 15, 1961, the forfeited recognizance of Sylvan Santani for the appearance of Thomas O. Marks is moderated so as to make the total liability of the bondsman thereon $500.